IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE MILLER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>    Defendants. | Case No. 1:24-cv-<br><br>**Judge**<br><br>**Magistrate Judge** |

## COMPLAINT

Plaintiff, Mike Miller ("Miller"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. This action has been filed by Miller in attempt to combat e-commerce store operators who are displaying, making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use that same unauthorized and unlicensed products which infringe on Miller's copyrights (collectively, the "Infringing Products"). True and correct screenshots of the active e-commerce stores operating under seller aliases and selling Infringing Products are shown in **Exhibit B** attached hereto.

2. Miller created and owns all rights in the photographs depicted in **Exhibit A** ("Subject Photographs").

3. The Defendants create numerous Internet stores and design them to appear to be selling genuine products copyrighted by Miller, while selling inferior imitations of Miller's Artworks. The Defendant stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logistical relationship between them and

suggesting that Defendants' illegal operations arise from the same transaction, occurrence, or series of transactions and occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal infringing operation. Miller is therefore forced to file this action to combat Defendants' infringement of Miller's Subject Photographs, and to protect unknowing customers from purchasing unauthorized products over the Internet.

4. Miller brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*.

5. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), (b).

7. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce stores accessible throughout the entire United States. As shown in **Exhibit B**, each Defendant stands ready and willing to ship infringing products to any location within the United States. Upon information and belief, consumers within this District have purchased infringing products offered for sale by the Defendants in **Schedule A**.

8. Defendants are further subject to personal jurisdiction in this district because each Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant domain names and/or the Online Marketplace Accounts identified in **Schedule A** attached hereto (collectively, the "Defendants" or "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Miller's copyrighted artworks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. As shown in **Exhibit B** attached hereto, each Defendant offers shipping to any United States address, including but not limited to Illinois. Each of the Defendants are committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Miller's claims arise out of those activities.

9. Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendants and their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

11. Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not a resident in the United

States and therefore there is no district in which any action may otherwise be brought.

## PARTIES

12. Miller is an internationally acclaimed photographer and director residing in the United States.

13. Miller is widely known for his iconic images of hip-hop artists which chronical the rise of the West Coast hip-hop scene in the 90s. Miller sells products featuring the Subject Photographs and publicly displays, advertises, and markets products featuring the Subject Photographs online and throughout his various publicly available social media accounts and authorized third party distributors.

14. Defendants have the capacity to be sued under Federal Rule of Civil Procedure 17(b).

15. The Defendants in **Schedule A** (collectively, "Defendants") are individuals and business entities who, upon information and belief, reside primarily in foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products featuring the Subject Photographs to consumers within the United States and this District.

16. Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of infringing goods to residents in the State.

17. Upon information and belief, Defendants may have engaged in fraudulent conduct providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell infringing products.

18. Upon information and belief, Defendants will likely continue to sell and offer for sale products featuring Miller's intellectual property, namely products featuring in whole, or in part, the Subject Photographs, or derivatives thereof, unless preliminarily and permanently enjoined.

19. Defendants use their Internet-based businesses to infringe the intellectual property rights of Miller and others.

20. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Miller's economic interests in the state of Illinois and causing Miller harm and damage within this jurisdiction.

21. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Miller's intellectual property rights and the destruction of the legitimate market sector in which he operates.

22. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Miller's intellectual property rights, including Miller's exclusive right to use and license such intellectual property rights.

23. Miller is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full

knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Miller's rights and the damages to Miller proximately caused thereby.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

24. Defendants are promoting, selling, offering for sale and distributing goods bearing identical or confusingly similar imitations of Miller's intellectual property within this District.

25. Joinder of all Defendants is permissible under Fed. R. Civ. P. 20(a)(2), permitting joinder of persons in an action where any right to relief is asserted against defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in this action.

26. Joinder of the multiple Defendants is permitted because Miller asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

27. Joinder of the multiple Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Miller, Defendants, and this Court.

28. Joinder of the multiple Defendants will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Miller and Defendants alike.

29. Joinder of the multiple Defendants is procedural only and does not affect the substantive rights of any defendant listed on **Schedule A** hereto.

30. This court has jurisdiction over the multiple Defendants. Venue is proper in this court for this dispute involving the multiple Defendants.

31. Miller's claims against the multiple Defendants are all transactionally and logically related. All Defendants are engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

32. All Defendants undertake efforts to conceal their true identities from Miller to avoid accountability for their activities.

33. All Defendants can easily and quickly transfer or conceal their funds in their use of payment and financial accounts to avoid detection and liability in the event their efforts are discovered, or Miller obtains monetary award. Further, all Defendants communicate with each other regarding new or pending lawsuits via online platforms.

34. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

35. Defendants' business names, associated payment accounts, and any other seller alias or e-commerce stores used in connection with the sale of infringements of Miller's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Miller.

36. Defendants are using infringements of Miller's intellectual property rights to drive Internet consumer traffic to their e-commerce stores and decreasing the size and value of Miller's legitimate marketplace and intellectual property rights at Miller's expense.

37. Defendants, through the sale and offer to sell infringing products, are directly and unfairly competing with Miller's economic interests in the state of Illinois and causing Miller harm and damage within this jurisdiction.

38. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Miller's intellectual property rights, including Miller's exclusive right to use and license such intellectual property rights.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPHS

39. Miller owns all rights in the Subject Photographs depicted in **Exhibit A.**

40. Miller complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photographs.

41. Prior to the acts complained of herein, Miller widely publicly displayed and disseminated the Subject Photographs including without limitation on Miller's website at *www.mikemillerphoto.com* and various publicly accessible social media platforms under the name "Mike Miller" as well as several galleries and online publications.

42. Genuine goods bearing the Subject Photographs are sold by Miller and his authorized distributors, including posters, prints, and clothing items.

43. Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale Miller's Subject Photographs for financial benefit by, without limitation, reproducing the Subject Photographs online and/or products bearing copies of the Photographs for commercial benefit, including without limitation, through Defendant Internet Stores.

44. Defendants are using identical copies of Miller's Artworks. True and correct copies and screen captures of exemplars of Defendants' unauthorized use are depicted in **Exhibit B**

("Infringing Products"). These copies and screen captures represent non-inclusive exemplars of the Infringing Products.

45. Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites. The Infringing Products can be identified by Product Identification Numbers. The Infringing Products Identification Numbers at issue in this case are shown in **Schedule A** attached hereto.

46. In advertising their stores and products, Defendants improperly and unlawfully use the Subject Photographs without Miller's permission.

47. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Miller's genuine goods.

48. Defendants are causing individual, concurrent and indivisible harm to Miller and the consuming public by (i) depriving Miller and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Miller's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the images, and (iii) increasing Miller's overall cost to market his goods and educate consumers via the Internet.

49. As a result, Defendants are defrauding Miller and the consuming public for Defendants' own benefit. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine Subject Photographs. Many of the Defendant Internet Stores look sophisticated and accept payment in US Dollars via credit or debit cards. Defendant Internet Stores include design elements that make it very difficult for consumers to distinguish such infringing sites from authorized seller websites.

50. Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Miller's ownership of the Subject Photographs, including his exclusive right to use and license such Subject Photographs, through Miller's numerous online profiles and features, online publications and press featuring Miller's work, Miller's social media accounts, and/or through viewing the Subject Photographs on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

51. Defendants' use of the Subject Photographs, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Miller's consent or authorization.

52. Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Miller's rights for the purpose of trading on Miller's intellectual property and reputation.

53. Miller has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photographs.

54. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined, Miller and the consuming public will continue to be harmed.

55. Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

56. Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Miller.

57. Miller is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Miller's intellectual property rights.

58. Miller should not have competition from Defendants because Miller never authorized Defendants to use Miller's Subject Photographs.

59. Miller has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

60. Miller repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

61. Miller has complied in all respects with the Copyright Act of the United States and other laws governing copyright and owns the exclusive rights and privileges in and to the copyrights at issue.

62. Under 17 U.S.C. § 106, Miller has the exclusive rights and privileges to reproduce, prepare derivate works, distribute copies, and import copies into the United States of the copyrighted photographs.

63. Miller alleges that Defendants, and each of them, accessed the Subject Photographs online through one of Miller's numerous public profiles, websites, or otherwise through advertisements and widespread dissemination by authorized third parties. Access is further presumed given the identical copy of the Subject Photographs shown on the Infringing Products.

64. Miller alleges that Defendants, and each of them, infringed Miller's exclusive copyrights by creating infringing derivative works, copying, displaying, and/or distributing works

to the public based upon Miller's copyrighted art in violation of 17 U.S.C. § 106, as seen, without limitation, in the screen captures depicted above and shown in Schedule A.

65. Due to Defendants' Infringing Use as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Miller's rights in the Subject Photographs. As such, Miller is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photographs in an amount to be established at trial.

66. Defendants' conduct constitutes willful and direct copyright infringement. The similarities between the Subject Photographs and Infringing Use further proves the willful and direct infringement by Defendants.

67. On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

68. Due to Defendants', and each of their acts of infringement, Miller has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

69. The harm caused to Miller is irreparable.

70. Miller is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

71. Miller is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, affiliates, and/or all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing the Subject Photographs; from using the Subject Photographs, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Subject Photographs in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with Plaintiff;

b. Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using the Subject Photographs;

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet

marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling foods bearing infringements of the Subject Photographs;

d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Subject Photographs via the ecommerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the Identification Numbers on Schedule "A" annexed hereto, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Work associated with any Identification Numbers linked to the same sellers or linked to

any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Subject Photographs;

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Subject Photographs in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

g. Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public;

h. Entry of an Order requiring Defendants to account to and pay Plaintiff his actual damages and Defendants' profits attributable to the infringement;

i. That Plaintiff be awarded costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

j. Entry of an Order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into

the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

k. That a trust be entered over all Infringing Products, and all profits realized through the sales and distribution of said work;

l. That Plaintiff be awarded pre-judgment interest as allowed by law;

m. That Plaintiff be awarded the costs of this action; and

n. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 19, 2024 By: */s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
mpaladino@donigerlawfirm.com
*Attorney for Plaintiff*